UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLINIC REALTY L L C** | **CASE NO. 2:22-CV-05724** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LEXINGTON INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Lexington Insurance Company's Motion in Limine" (Doc. 42) wherein, Defendant Lexington moves to exclude evidence, documents, testimony, references, questioning, or argument regarding; (1) Lexington's financial condition; (2) Lexington's loss reserves, accounting, financial and tax reporting of reserves; (3) reinsurance; (4) testimony regarding the interpretation of the property insurance issued by Lexington: (5) estimates of the cost of repairs to Clinic Realty' property where the property has been repaired.

*Lexington's financial condition*

In its opposition, Clinic Realty does not oppose Lexington's Motion to Exclude as to Lexington's financial condition.

*Lexington's loss reserves, accounting financial and tax reporting of reserves*

Lexington maintains that any information as to its loss reserves, and/or accounting financial and tax reporting of reserves should be excluded because that information is not relevant to Clinic Realty's bad faith claims. Lexington argues that its reserves are speculative estimates and therefore, are inadmissible.

Clinic Realty argues otherwise.  Clinic Realty asserts that the reserves set by Lexington are probative because they prove that Lexington was aware of the building damages, yet only made a partial advance payment.  Clinic Realty informs the Court that the Lexington set its reserves based on a detailed Xactimate estimate, thus the rough order of magnitude was more accurate than Lexington would lead one to believe. Clinic Realty intends to introduce testimonial evidence that the reserves were based on factually accurate information. Clinic Realty intends to use this testimony to support its bad faith claim that Lexington's failure to make timely payments was arbitrary, capricious and without just cause.

Clinic Realty intends to introduce financial and tax consequences concerning the reserves set by Lexington to support its argument that reserves are more than a rough order of magnitude but reflect a factually accurate depiction of Lexington's liability regarding Clinic Realty's damage claim. The Court finds that the reserve information as well as the financial and tax consequences are admissible to the extent that they are used to support Clinic Realty's bad faith claim.

*Reinsurance*

Lexington informs the Court that there is no reinsurance, facultative and/or treaty that applies to Clinic Realty's Hurricane Laura and/or Delta claims.  Clinic Realty agrees that Lexington has not produced any information about reinsurance but reserves its right to examine any reinsurance information should it be discovered.

*Other claims against Lexington*

Lexington moves to exclude as irrelevant any mention, directly or indirectly of any other cases, claims, or settlements by other insureds against Lexington for alleged breach of contract and bad-faith claims handling. Clinic Realty agrees that facts of other claims against Lexington are not relevant, but does not agree as to the broad request to exclude any reference to a case.  The Court agrees that other claims against Lexington is irrelevant and therefore inadmissible.

*Policy interpretation*

Lexington moves to exclude testimony and conclusions about interpretation of the Lexington policy or statutory law. The Court agrees that policy interpretations and conclusions of law are not admissible. However, testimony concerning a claim-handler's understanding of the policy will be allowed.

*Cost estimates*

Lexington moves to exclude estimates where damages have been repaired or replaced because all repairs to Clinic Realty's property has been completed. Clinic Realty argues that estimates can be relevant to determine if actual cash value was paid on time, and/or Lexington's knowledge of the damage versus the payments it made.  The Court agrees with Clinic Realty that evidence of the estimates is relevant to determine if Lexington made untimely payments and if Lexington was in bad faith in its payments.

## **CONCLUSION**

For the reasons explained herein,

**IT IS ORDERED** that Lexington Insurance Company's Motion in Limine (Doc. 42) is **GRANTED** in part and **DENIED** in part.  The Motion is granted to the extent that

the financial condition and reinsurance of Lexington is excluded, any evidence of other claims against Lexington is excluded, any testimony as to policy interpretations or legal conclusions will be excluded, excepting a witness's testimony as to their own understanding of a policy provision; otherwise, the Motion in Limine is **DENIED.**

      **THUS DONE AND SIGNED** in Chambers on this 12th day of April, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**